IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

CENTRAL LABORERS' PENSION       )
FUND, <u>et al.</u>,                       )
                                )
        Plaintiffs,             )
                                )
        v.                      )       NO. 08-3065
                                )
ALLIANCE COMMERCIAL             )
CONCRETE, INC., ALLIANCE        )
CONCRETE CONSTRUCTION,          )
LLC, ALLIANCE FOUNDATION,       )
INC.,                           )
                                )
        Defendants.             )

<u>OPINION</u>

RICHARD MILLS, U.S. District Judge:

Pending before the Court is the Plaintiffs' Combined Motion and

Memorandum for a Rule to Show Cause, to Avoid Fraudulent Conveyances

and to Turn Over Assets.  No response has been filed.  For good cause

shown, the Plaintiffs' Motion is ALLOWED as provided below.

<u>I. Motion for Rule to Show Cause against Michael Wardlow</u>

In support of their Motion for Rule to Show Cause against Michael

Wardlow, the Plaintiffs state that on December 22, 2011, the Clerk of this

Court entered Judgment against Defendant Alliance Concrete Construction, L.L.C. in the amount of $10,094.50, as to Count II, and $370,028.19, as to Count V.

Rule 69(a)(1) of the Federal Rules of Civil Procedure provides that, in proceedings supplementary to a judgment, a judgment creditor may obtain discovery from the judgment debtor in accordance with the procedure of the state where the court is located.  Pursuant to the Illinois Code of Civil Procedure, 735 ILCS 5/2-14-2, the Plaintiffs initiated proceedings on January 4, 2012 by the issuance of a Citation to Discover Assets directed to Alliance Concrete Construction, L.L.C.  On January 10, 2012, the Citation was served pursuant to Illinois Supreme Court Rule 277(c) and Illinois Supreme Court Rule 105(b)(2).  Hearings to conduct the Citation were set, canceled and reset.

Pursuant to the Illinois Code of Civil Procedure, a judgment becomes a lien after the Citation is issued by a clerk of the court and properly served (735 ILCS 5/2-1402(a) and (m)).  Subsection 735 ILCS 5/2-1402(m) also provides, in part, that the lien effectively binds nonexempt personal

property for a period of time as specified by Illinois Supreme Court Rule.

Under Illinois Supreme Court Rule 277, the Plaintiffs' citation proceeding extends for a six-month period from the date the Defendant made its first personal appearance pursuant to the citation. See Ill. Sup. Ct. Rule 277(f). In this case, the Defendant did not make a personal appearance pursuant to the citation, despite being served. Because the Defendant never made a personal appearance, and the Court continued to the proceedings upon motion of the Plaintiffs, the citation proceedings continued without a statutory termination date. See e.g. Burditt & Radzius v. Brown, 184 B.R. 747 (N.D. Ill. 1995). "The plain language of the statute indicates that the proceeding only terminates automatically six months after the personal appearance of the respondent . . . In this case, the citation respondent did not appear for either of the scheduled citations. Therefore the citation proceedings did not terminate automatically." Id. at 750.

The Citation to Discover Assets, which was served upon the Defendant, requested documents and information. One request required

the Defendant to produce all titles to the equipment and vehicles it owned.

On or about March 3, 2012, the Defendant provided a written response to Schedule A as well as providing a number of documents responsive to Schedule A. Although the Defendant provided a list of equipment and vehicles, the Defendant responded to the demand for the production of titles to the equipment and vehicles by stating that "All titles are held by Valley Bank." After March 3, 2012, the Defendant never produced copies of any titles that substantiated any liens on the vehicles or equipment in the possession of the Defendant.

On or about April 26, 2012, the Defendant granted a lien, in the name of Valley Bank, to ten (10) vehicles. Each of the ten (10) vehicles had previously been unencumbered assets. The ten vehicles were then transferred to Xtreme Caution, Inc., on July 26, 2012, and the vehicles were subsequently retitled in the name of Xtreme Caution, Inc. on September 5, 2012. Attached to the Plaintiffs' Motion as exhibits is the title history of each vehicle. The addition of the liens to the ten (10) vehicles and the transfer of title of the vehicles occurred while the Plaintiffs' Citation lien

was still effective.

The Citation to Discover Assets issued by the Court, and served upon

the Defendant, stated the following:

> YOU ARE PROHIBITED from making or allowing any transfer or other dispositions of, or interfering with, any property not exempt from execution or garnishment belonging to the judgment debtor or to which he may be entitled or which may be acquired by or become due to him and from paying over or otherwise disposing of any money not so exempt, which is due or becomes due to him, until the further order of court or termination of the proceedings. You are not required to withhold the payment of any money beyond double the amount of judgment.

> and

> <u>YOUR FAILURE TO COMPLY WITH THIS CITATION MAY SUBJECT YOU TO PUNISHMENT FOR CONTEMPT OF THIS COURT OR TO A JUDGMENT FOR THE AMOUNT UNPAID</u>

See Doc. No. 67.

The Defendant, in granting liens to Valley Bank for ten vehicles and

subsequently allowing a transfer of the vehicles to Xtreme Caution, Inc.,

violated the restraining provision of the Citation to Discover Assets.

Pursuant to 735 ILCS 5/2-1402(f)(1), "[t]he court may punish any party

who violates the restraining provision of a citation as and for a contempt."

Additionally "[u]nder Illinois law, corporate officers are obligated to obey judicial orders directed at their corporations and are personally liable when they permit the corporation to make non-exempt payments in violation of the citation." Shales v. T. Manning Concrete, Inc., 847 F. Supp.2d 1102, 1116-17 (N.D. Ill. 2012) (internal quotation marks and citation omitted). "A corporate officer's transfer of assets of the cited judgment debtor is a violation of the prohibitions of the citation." Id. at 1117; see also City of Chicago v. Air Auto Leasing Co., 297 Ill. App.3d 873, 879-80 (1st Dist. 1998) (holding that a corporate officer is personally liable for the amount of non-exempt assets that are transferred in violation of the citation lien).

The Defendant was a manager-managed Limited Liability Company and the record establishes Michael Wardlow was the sole manager of the Defendant. The Illinois Limited Liability Company Act states that, in a manager-managed company, "any matter relating to the business of the company may be exclusively decided by the manager." 805 ILCS 180/15-

1(b)(2). Michael Wardlow, as manager, had the exclusive right to decide any matter relating to the business. Moreover, Michael Wardlow, as the exclusive decision maker of the L.L.C., was required to comply with the restraining provision of the Citation; and, just as important, Michael Wardlow had the responsibility for, and control over, the Defendant's assets. However, Michael Wardlow allowed the granting of a lien on the ten vehicles on April 26, 2012, and then the transfer of the vehicles to Xtreme Caution, Inc., on July 26, 2012. Accordingly, the Plaintiffs move for a Rule to Show Cause why Michael Wardlow should not be held in contempt for violating the restraining provisions of 735 ILCS 5/2-1402(m).

In order to hold Michael Wardlow, as manager of Alliance Concrete Construction L.L.C., in contempt, the Plaintiff must establish by clear and convincing evidence that: "(1) a court order sets forth an unambiguous command; (2) the alleged contemnor violated that command; (3) the violation was significant, meaning that the alleged contemnor did not substantially comply with the order; and (4) the alleged contemnor failed to make a reasonable and diligent effort to comply." Shales, 847 F.

Supp.2d at 1114 (citations omitted).

The Court finds that the Citation to Discover Assets clearly and unequivocally ordered the Defendant to refrain from transferring or interfering with the non-exempt property. Moreover, the grant of a lien to Valley bank and the title transfer of ten (10) vehicles into the name of Xtreme Caution, Inc., demonstrates that "the alleged contemnor did not substantially comply with the order" and that the "alleged contemnor failed to make a reasonable and diligent effort to comply."

The Court concludes that the Defendant's grant of a lien to Valley Bank of the previously unencumbered ten (10) vehicles coupled with the subsequent transfer allowed by the Michael Wardlow of the ten (10) vehicles on July 26, 2012, and transfer of title to Xtreme Caution, Inc. on September 5, 2012, all occurred during the Plaintiff's Citation lien, which clearly demonstrates that Defendant failed to make a reasonable and diligent effort to comply with the Citation.

Because no response was filed to the Plaintiffs' motion, the Court presumes there is no opposition thereto. See CDIL-LR 7.1(B)(2).

Accordingly, the Court hereby ORDERS Michael Wardlow, as manager of Alliance Concrete Construction, L.L.C., to show cause, if any he has, why he should not be held in contempt of Court for his failure to comply with the Citation to Discover Assets issued by this Court on January 4, 2012 and subsequently extended on March 27, 2012, and further, why Michael Wardlow should not be held personally liable, for the value of the transferred assets, for making non-exempt transfers in violation of the Citation to Discover Assets.

Additionally, in the event the Court finds Michael Wardlow in contempt, the Plaintiffs seek an award of attorney's fees and costs pursuant to 735 ILCS 5/2-1402(h) and Shales, 847 F. Supp. 2d at 1119-20.

## II. Motion to Avoid Fraudulent Transfers against Xtreme Caution, Inc.

The Plaintiffs further seek to avoid fraudulent transfers against non-party Xtreme Caution, Inc. On December 22, 2011, the Clerk of the District Court entered Judgment against Alliance Concrete Construction, L.L.C. in the amount of $10,094.50, as to Count II and $370,028.19, as to Count V.

Rule 69(a)(1) provides that, in proceedings supplementary to a judgment, a judgment creditor may obtain discovery from the judgment debtor in accordance with the procedure of the state where the court is located. As the Court earlier noted, the Plaintiffs initiated proceedings on January 4, 2012, by the issuance of a Citation to Discover Assets directed to Alliance Concrete Construction, L.L.C.

The Citation was properly served. Citation hearings were set, canceled and reset. Pursuant to the Illinois Code of Civil Procedure, a judgment becomes a lien after the Citation is issued by a clerk of the court and properly served. (735 ILCS 5/2-1402(a) and (m)). Subsection 735 ILCS 5/2-1402(m) also provides, in part, that the lien effectively binds nonexempt personal property for a period of time as specified by Illinois Supreme Court Rule. Once a Citation to Discover Assets is properly served, a judgment creditor's interest in nonexempt personal property is perfected. See In re Nowicki, 202 B.R. 729, 736-37 (N.D. Ill. 1996).

Illinois courts have allowed fraudulent conveyance actions to be pursued in conjunction with supplementary proceedings. See generally

Alan Drey Co., Inc. v. Generation, Inc., 22 Ill. App.3d 611 (1st Dist. 1974);

Meggison v. Stevens, 21 Ill. App.3d 505 (1st Dist. 1974). Further, a court

is authorized under 735 ILCS 5/2-1402(c)(5) to:

> Compel any person cited to execute an assignment of any chose in action or a conveyance of title to real or personal property . . . in the same manner and to the same extent as a court could do in any proceeding by a judgment creditor to enforce payment of a judgment or in aid of the enforcement of a judgment.

735 ILCS 5/2-1402(c)(5).

The Uniform Fraudulent Transfer Act ("UFTA") provides that a

transfer is fraudulent as to a creditor if the debtor made the transfer "with

actual intent to hinder, delay, or defraud any creditor of the debtor." 740

ILCS 160/5(a)(1). Under the UFTA, the relevant factors in determining

actual intent include whether:

1)  the transfer or obligation was to an insider;
2)  the debtor retained possession or control of the property transferred after the transfer;
3)  the transfer or obligation was disclosed or concealed;
4)  before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit;
5)  the transfer was of substantially all of the debtor's assets;
6)  the debtor absconded;
7)  the debtor removed or concealed assets;

8) the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;

9) the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;

10) the transfer occurred shortly before or shortly after a substantial debt was incurred; and

11) the debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

740 ILCS 160/5(b).

The record establishes that Plaintiffs here perfected their lien in nonexempt assets of Alliance Concrete Construction, L.L.C. by serving a Citation to Discovery Assets on January 10, 2012. On April 26, 2012, the Defendant granted a lien in favor of Valley Bank for ten vehicles. On July 26, 2012, Michael Wardlow, as a manager of the Defendant Alliance Concrete Construction, L.L.C., allowed the transfer of ten (10) vehicles from Alliance Concrete Construction, L.L.C., to Xtreme Caution, Inc., in violation of the citation lien.

The Court finds that the granting of liens to Valley Bank followed by the transfer of ten (10) vehicles to Xtreme Caution, Inc., shows an "actual intent to hinder, delay or defraud" the Plaintiffs. First, "before the transfer

was made or obligation incurred, the debtor had been sued or threatened with suit." 740 ILCS 160/5(b)(4). In fact, judgment was entered against Alliance Concrete Construction, L.L.C., on December 22, 2011.

The Court further finds that the transfers were made shortly after the Plaintiffs attempted to recover a substantial debt (i.e. judgment) against Alliance Concrete Construction L.L.C. The Plaintiffs served the Defendant with a Citation to Discover Assets on January 10, 2012, which opened supplementary proceedings, i.e. the inception of the Plaintiffs' attempt to collect approximately $380,000.00 owed to the Plaintiffs. On April 26, 2012, the Defendant granted a lien to Valley Bank on each of the ten (10) vehicles and then allowed the transfer of the vehicles on July 26, 2012.

Based on the foregoing, the transfers were made by a "debtor [who] was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred." 740 ILCS 160/5(b)(9). The UFTA states that "[a] debtor who is generally not paying his debts as they become due is presumed to be insolvent." 740 ILCS 160/3(b). The Defendant has failed to pay the judgment against it and in favor of the Plaintiffs. In addition,

the Defendant was in default on promissory notes with Valley Bank with the latter declaring the Defendant to be in default. In correspondence dated April 26, 2012, which is attached as an exhibit to the motion, Valley Bank informed the Defendant, in part, that "Alliance is in default under all three (3) loans pursuant to the following default language found in the default clauses set forth on page 2 of all promissory notes . . . (ii) Alliance [the Defendant] has become insolvent and unable to pay its debts and creditors."

The Defendant also "removed or concealed" the ten (10) vehicles. The Defendant was aware, because it had been served with a Citation, that it was prohibited from transferring property owned by it. The Defendant concealed the vehicles by claiming that all titles were held by Valley Bank. The record establishes the Defendant also "removed" the ten (10) vehicles by granting a lien to Valley Bank and then subsequently allowing the transfer of the ten (10) vehicles. Intent may also be shown when a "debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider." 740 ILCS 160/5(b)(11). The statute states that

an insider includes:

> (2)     if the debtor is a corporation,
>
>> (A)   a director of the debtor;
>> (B)   an officer of the debtor;
>> (C)   a person in control of the debtor;
>> (D)   a partnership in which the debtor is a general partner;
>> (E)   a general partner in a partnership described in clause (D); or
>> (F)   a relative of a general partner, director, officer or person in control of the debtor.

740 ILCS 160/2(g)(2).

The Seventh Circuit has found the above description of an "insider" to be "illustrative rather than exhaustive," based on the non-limiting term 'includes.'"  Matter of Krehl, 86 F.3d 737, 741 (7th Cir. 1996).  The Seventh Circuit noted that "[i]n ascertaining insider status, then, courts have looked to the closeness of the relationship between the parties and to whether any transactions between them were conducted at arm's length." Id. at 742 (citations omitted).

The Court concludes that there is a close relationship between the Defendant and Xtreme Caution, Inc., considering the individuals involved with these companies.  Alliance Concrete Construction, L.L.C., was found

liable, as a successor company, for fringe benefit contributions owned by Alliance Foundations Inc. Michael Wardlow was the President and Treasurer of Alliance Foundations Inc. The Vice President and the Secretary of Alliance Foundations Inc. was Jack Laud. The Plaintiffs have included an exhibit which establishes that Jack Laud and Michael Wardlow are currently officers in a company named River City Equipment, Inc. Jack Laud is the current President of Xtreme Caution, Inc., which is the company that the ten (10) vehicles were transferred to after the Defendant granted a lien to Valley Bank.

Based on the foregoing, the Court concludes that Jack Laud is an insider. Moreover, there is a clear closeness of relationship between Michael Wardlow and Jack Laud. They have been officers of a company prior to the incorporation of the Defendant, Alliance Concrete Construction, L.L.C., and are currently officers in another company, River City Equipment, Inc. Therefore, Jack Laud is an insider for purposes of determining fraudulent intent under the UFTA. In effect, the transfer of the ten (10) vehicles to Xtreme Caution, Inc., was a transfer of the

essential assets of a business to a lienor and then ultimately to an insider.

In sum, the transfer of the ten (10) vehicles clearly shows an "actual intent to hinder, delay or defraud" the Plaintiffs. The transfer was made by the Defendant, who was insolvent, after having a lawsuit filed against it and the Plaintiffs attempting to collect a substantial debt (i.e. the judgment). Further, the Defendant removed the ten (10) vehicles by granting a lien to Valley Bank in order to frustrate the Plaintiffs' collection attempts, and the vehicles ultimately ended up in the possession of Xtreme Caution, Inc., the President of which, Jack Laud, was and currently is a business partner of Michael Wardlow, the Manager of the Defendant.

Pursuant to 740 ILCS 160/8(a)(1), a judgment creditor may obtain "avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim," and under 740 ILCS 160/8(b), where a judgment creditor has obtained judgment against a debtor, "the creditor, if the court so orders, may levy execution on the asset transferred." 740 ILCS 160/8(a)(1) & 740 ILCS 160/8(b).

If a third-party's interest is noted or of record, the third party must

be given notice of the citation proceeding and an opportunity to appear and assert its claim prior to the entry of a judgment disposing of the property. See Meggison v. Stevens, 21 Ill. App.3d 505 (1st Dist. 1974). The court in Meggison stated, "The statutes and rules which govern supplementary proceedings all contemplate that a third party claiming an interest in the property . . . must be given a full opportunity to present and maintain his or her claim." Id. at 509.

The Plaintiffs state they are willing to provide Xtreme Caution Inc., with an opportunity to appear and assert its claims in these supplementary proceedings. Thereafter, the Court would have the power to avoid the transfer to satisfy the Plaintiffs' claims.

For the reasons stated herein, Plaintiffs' Motion is Allowed. The Court will set a hearing date within these supplementary proceedings, with notice to all affected persons or entities, for the determination of whether the transfers of the ten (10) vehicles were fraudulent transfers which violated the Plaintiffs citation lien. If the Court determines that the transfers of the ten (10) vehicles were fraudulent, the Plaintiffs request that

the Court avoid those transfers and levy execution on the assets transferred.

The hearing date is set for August 19, 2014 at 2:00 p.m.

### III. Motion for Turn Over against Valley Bank

The Plaintiffs move for an Order to turn over assets against Valley Bank. On December 22, 2011, the Clerk entered Judgment against Alliance Concrete Construction, L.L.C. in the amount of $10,094.50, as to Count II, and $370,028.19, as to Count V.

Pursuant to Rule 69(a)(1) of the Federal Rules of Civil Procedure, in proceedings supplementary to a judgment, a judgment creditor may obtain discovery in accordance with the procedure of the state where the court is located. Pursuant to the Illinois Code of Civil Procedure (735 ILCS 5/2-1402), the Plaintiffs initiated proceedings on January 4, 2012 by the issuance of a Citation to Discover Assets directed to Alliance Concrete Construction, L.L.C.

On January 10, 2012, the Citation was served pursuant to Illinois Supreme Court Rule 277(c) and Illinois Supreme Court Rule 105(b)(2). Hearings on the Citation were set, canceled and continued. According to

the Illinois Code of Civil Procedure (specifically 735 ILCS 5/2-1402(m)), a judgment becomes a lien when a Citation to Discover Assets is served in accordance with 735 ILCS 5/2-1402(a). Subsection 735 ILCS 5/2-1402(m) also provides, in part, that the lien effectively binds nonexempt personal property for a period of time as specified by Illinois Supreme Court Rule.

Under Illinois Supreme Court Rule 277, the Plaintiffs' citation proceeding extends for a six-month period from the date the Defendant made its first personal appearance pursuant to the citation. See Ill. Sup. Ct. Rule 277(f). In this case, however, the Defendant never made a personal appearance pursuant to the citation, despite having been served. Because the Defendant never made a personal appearance and the Court continued the proceedings upon motion of the Plaintiffs, the citation proceedings continued without a statutory termination date. See, e.g., Burditt & Radzius v. Brown, 184 B.R. 747 (N.D. Ill. 1995). "The plain language of the statute indicates that the proceeding only terminates automatically six months after the personal appearance of the respondent . . . In this case, the citation respondent did not appear for either of the scheduled citations.

Therefore, the citation proceedings did not terminate automatically." Id. at 750.

Once a Citation to Discover Assets is properly served, a judgment creditor's interest in nonexempt personal property is perfected. See In re Nowicki, 202 B.R. 729, 736-37 (N. D. Ill. 1996). Valley Bank & Trust ("Valley Bank") is a bank incorporated under the laws of Iowa and is doing business in Illinois. Valley Bank had previously conducted business with the Defendant, Alliance Concrete Construction L.L.C.

Pursuant to the Illinois Code of Civil Procedure, 735 ILCS 5/2-1402, a Third Party Citation to Discover Assets was issued to Valley Bank on March 8, 2012, and served on or about March 13, 2012. The Citation stated:

> Judgment was entered on December 22, 1011, in the amount of $10,094.50, for audit liabilities, liquidated damages, and audit costs for the audit completed of Alliance Concrete Construction, L.L.C., pursuant to Count II. On Count V, judgment was entered against Alliance Concrete Construction, L.L.C. in the amount of $370,028.19 on the theory of successor liability, for past due fringe benefit contributions, liquidated damages, and audit costs resulting from the audit of Alliance Foundations, Inc. [sic] The entire balance, plus judgment interest of nine percent (9%) remains due and owing at this

21

> time as no payments have been made towards the judgment
> principal and interest.

See Doc. Nos. 73 & 75.  On or about April 26, 2012, Alliance Concrete

Construction L.LC., granted a lien in the name of Valley Bank, to the title

of ten (10) vehicles.  The title history of each vehicle, which is attached to

the Plaintiffs' Motion, establishes that each of the ten (10) vehicles had

previously been unencumbered assets.  The same day, Valley Bank sent a

notice to the Defendant that it was in default on its loans with Valley Bank,

specifically Loan numbers 91999, 515880 and 91996.   In its

correspondence dated April 26, 2012, which is attached as Exhibit 11 to the

Plaintiffs' Motion, Valley Bank informed the Defendant that "Alliance is

in default under all three (3) loans pursuant to the following default

language founded in the default clauses set forth on page 2 of all promissory

notices. . . . (ii) Alliance [the Defendant] has become insolvent and unable

to pay its debts and creditors."

Valley Bank later held a private sale of the Defendant's assets on July

26, 2012, due to the Defendant having defaulted on its loans.  The sale

involved the majority of the Defendant's assets, including the ten (10)

vehicles described herein. According to Exhibit P, the Purchaser tendered $571,831.39 to Valley Bank in order to purchase all of the Defendant's assets.[1] Exhibit Q provides that Valley Bank then declared all of the Defendant's loans, Loan Numbers 91999, 91996 and 515880, paid in full.

On July 26, 2012, the same day as the private sale of the Defendant's assets, Valley Bank executed two promissory notes to Xtreme Caution, Inc. The first note, Loan Number 540750, was in the amount of $465,831.39 and the purpose of said loan was to "Purchase Equipment & Inventory from Alliance [the Defendant's] UCC sale." The second note, Loan Number 540747, was in the amount of $106,000.00 and the purpose of said loan was to "Purchase Vehicles From Alliance [the Defendant's] UCC Sale." The aggregate of these notes is $571,831.39, the exact amount of the sale price of the private sale of the Defendant's assets.

A security agreement was also executed by and between Valley Bank and Xtreme Caution, Inc. for each of the promissory notes. Specifically, the promissory note in the amount of $106,000.00, Loan Number 540747, was

---

[1]The Plaintiffs state that Valley Bank would not disclose the identity of the Purchaser.

secured by the purchased vehicles. Upon examination of the titles of the vehicles purchased by Xtreme Caution, Inc., which are attached as exhibits to the Plaintiffs' Motion, it is clear that these vehicles are the same vehicles which were previously unencumbered assets owned by the Defendant that should have been used to satisfy, in part, the Plaintiffs' outstanding judgment.

The Illinois Supplementary proceedings statute provides that a judgment creditor may only recover assets of the judgment debtor. See 735 ILCS 5/4-1402. If a third party, however, has full knowledge of an outstanding claim against a corporate debtor and the third party transfers the assets of that corporate debtor for consideration then the "judgment creditor may properly treat the proceeds from the sale of the assets as property of the corporate debtor, which is recoverable pursuant to section 2-1402 of the Code of Civil Procedure." Kennedy v. Four Boys Labor Service, Inc., 279 Ill. App.3d 361, 367 (1st Dist. 1996). "To hold otherwise would allow a third party to obtain assets of a judgment debtor and then sell those assets to another third party, thereby precluding

recovery. Such a conclusion would be especially forthcoming where the subsequent third party is a good-faith purchaser of the judgment debtor's assets." Id.

The Court finds that Valley Bank had full knowledge of the Plaintiffs' claim against Alliance Concrete Construction, L.L.C., as it was served with a Third Party Citation to Discover Assets on or about March 13, 2012, which informed them of the Plaintiffs' Judgment against the Defendant. Valley Bank proceeded to add a lien to the title of ten (10) vehicles at issue here on or about April 26, 2012, a full month after receiving notice of the Plaintiffs' claim. Valley Bank then declared the Defendant in default of its loans with Valley Bank, and a private sale was then held in which the ten (10) vehicles were sold to a third party, Xtreme Caution, Inc., for the consideration of $106,000.00, secured by the vehicles. This series of events occurred during the time the Plaintiffs had a validly executed citation lien and an outstanding judgment against the Defendant, and Valley Bank had knowledge of the same. Because Valley Bank had full knowledge of the Plaintiffs' outstanding claim against the Defendant, and the assets of the

Defendant were transferred for consideration, then the "judgment creditor [the Plaintiffs'] may properly treat the proceeds from the sale of the assets as property of the corporate debtor [the Defendant], which is recoverable pursuant to section 2-1402 of the Code of Civil Procedure." Kennedy, 279 Ill. App.3d at 367.

Accordingly, the Court concludes that the proceeds of the sale (i.e. $106,000.00[2]) conducted by Valley Bank of the ten (10) vehicles should, therefore, be considered an asset of the judgment debtor, Alliance Concrete Construction L.L.C., as the ten (10) vehicles were unencumbered assets as of the date that the Plaintiffs served the Defendant with a Citation to Discover Assets. The proceeds of this sale are thereby recoverable by the Plaintiffs under 735 ILCS 5/4-1402 because "[t]o hold otherwise would

---

[2]The Plaintiffs state they recognize that the transactions involved eleven (11) vehicles and that Valley Bank had a lien on the title of the 1998 Chevrolet prior to the Plaintiffs' judgment and subsequent Citation to Discover Assets. The value of the vehicle, according to Kelley Blue Book, is approximately $6,217.00 in "Excellent Condition" and, according to Edmunds.com, the vehicle is valued at approximately $4,788.00 in "Outstanding condition." Accordingly, the Plaintiffs will agree to a set off at the appropriate valuation, based on the condition, mileage and specifications of the vehicle.

allow a third party [Valley Bank] to obtain assets of a judgment creditor [the Defendant] and then sell those assets to another third party [Xtreme Caution, Inc.], thereby precluding recovery." Kennedy, 279 Ill. App.3d at 367. The proceeds of the sale of the ten vehicles, the $106,000.00 less the value of the 1998 Chevrolet, are assets of the Defendant and are subject to turn over.

Therefore, the Court will Allow the Plaintiffs' Motion and Order the turn over to the Plaintiffs' of the $106,000.00, less the value of the 1998 Chevrolet, in proceeds of the sale of the ten (10) vehicles sold by Valley Bank. The funds which are the subject of the Turn Over Order shall be applied by the Plaintiffs toward the outstanding judgments.

## IV. CONCLUSION

For the reasons stated herein and for good cause shown, the Court will Allow the Plaintiffs' Motion. The Court will Order Michael Wardlow, as manager of Alliance Concrete Construction, L.L.C., to show cause why he shall not be held in contempt of Court for his failure to comply with the Citation to Discover Assets issued by the Court on January 4, 2012 and

subsequently extended on March 27, 2012, and further, why Michael Wardlow should not be held personally liable, for the value of the transferred assets, for making non-exempt transfers in violation of the Citation to Discover Assets. A Hearing on the Show Cause Motion is set for August 19, 2014 at 2:00 p.m.

If the Court finds Michael Wardlow in contempt, the Plaintiffs intend to seek an award of attorney's fees and costs pursuant to 735 ILCS 5/2-1402(h) and Shales v. T. Manning Concrete, Inc., 847 F. Supp.2d 1102, 1119-20 (N. D. Ill. 2012).

The Motion to Avoid Fraudulent Transfers against Xtreme Caution, Inc. shall be considered at the Hearing set for August 19, 2014 at 2:00 p.m. The Court will determine whether the transfers of the ten (10) vehicles were fraudulent transfers which violated the Plaintiffs' citation lien and, as a result, whether the transfers shall be avoided to satisfy the Plaintiffs' claims. Xtreme Caution, Inc. may appear at the Hearing in order to assert its claim in these supplementary proceedings.

The Motion for Turn Over will be Allowed to the extent that the

Court Orders the Turn Over to the Plaintiffs of the $106,000.00, less the value of the 1998 Chevrolet, in proceeds of the sale of the ten (10) vehicles sold by Valley Bank to be applied by the Plaintiffs toward the outstanding judgments.

Ergo, the Plaintiffs' Combined Motion for a Rule to Show Cause, to Avoid Fraudulent Conveyances and to Turn Over Assets [d/e 90] is ALLOWED, as provided in this Order.

Michael Wardlow, as manager of Alliance Concrete Construction L.L.C., is directed to appear at a Hearing in Courtroom 2 on August 19, 2014 at 2:00 p.m., and show cause, if any he has, why he should not be held in contempt of Court for failure to comply with the Citation to Discover Assets issued on January 4, 2012 and subsequently extended on March 27, 2012, and further why Michael Wardlow should not be held personally liable, for the value of the transferred assets, for making non-exempt transfers in violation of the Citation to Discover Assets.

The Motion to Avoid Fraudulent Transfers against Xtreme Caution, Inc. shall be considered at the Hearing in Courtroom 2 on August 19, 2014.

Xtreme Caution, Inc. may appear in order to assert its claim in these supplementary proceedings.

The Motion for Turn Over is Allowed, to the extent that the Court Orders the Turn Over to the Plaintiffs of the $106,000.00, less the value of the 1998 Chevrolet, in proceeds of the ten (10) vehicles sold by Valley Bank to be applied by the Plaintiffs toward the outstanding judgments.

The Plaintiffs shall take reasonable steps to ensure that this Order is served upon Michael Wardlow, the manager of Alliance Concrete Construction, L.L.C.; the registered agent for Xtreme Caution, Inc.; Valley Bank and the attorney for Valley Bank.

ENTER: July 9, 2014

FOR THE COURT:

s/Richard Mills
Richard Mills
United States District Judge