E-FILED
Tuesday, 12 August, 2014  12:07:02 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CENTRAL LABORERS' PENSION FUND, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | NO. 08-3065 |
| ALLIANCE COMMERCIAL CONCRETE, INC., ALLIANCE CONCRETE CONSTRUCTION, LLC, ALLIANCE FOUNDATION, INC., | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

Pending before the Court is the Motion under Rule 55(c) of Michael Wardlow to Set Aside the Default Order for Rule to Show Cause [d/e 97].

Pending also is the Plaintiffs' Motion for Leave to File a Reply to Michael Wardlow's Motion [d/e 99].

In an Order entered on July 10, 2014, the Court Allowed the Plaintiffs' Combined Motion and Memorandum for a Rule to Show Cause, to Avoid Fraudulent Conveyances and to Turn Over Assets. The Court

Ordered Michael Wardlow, as manager of Defendant Alliance Concrete Construction, L.L.C., to appear at a hearing to show cause, if any, why he should not be held in contempt for failure to comply with a Citation to Discover Assets issued on January 4, 2012 and extended on March 27, 2012, and further why Michael Wardlow should not be held personally liable, for the value of the transferred assets, for making non-exempt transfers in violation of the Citation to Discover Assets.

The Court also determined that the Motion to Avoid Fraudulent Transfers against non-party Xtreme Caution, Inc. would be considered at the same hearing.

The Court further Allowed the Motion to Turn Over, to the extent that the Court Ordered the Turn Over to the Plaintiffs of the $106,000.00, less the value of the 1998 Chevrolet–to which Valley Bank had a lien on the title prior to the Plaintiffs' judgment–in proceeds of the ten (10) vehicles sold by Valley Bank, to be applied toward the outstanding judgments.

In his Combined Motion to Set Aside the Court's Order, Michael Wardlow contends he was never the manager of Alliance Concrete

Construction LLC, based on the legal meaning of the term. Mr. Wardlow further claims that he was not involved in the transfer of assets. Additionally, Mr. Wardlow alleges that the Citation was not served on him nor was it directed at him. Accordingly, Wardlow contends he was not aware of the prohibitions contained in the Citations at the time the assets were transferred. Even if he had been served with the Citation and was aware of the prohibitions therein, Wardlow asserts there is no evidence that he was aware the vehicles were non-exempt and, thus, a finding of contempt cannot be supported.

For all of these reasons, Michael Wardlow requests pursuant to Rule 55(c) of the Federal Rules of Civil Procedure that the Order of July 10, 2014 be set aside and that no finding of contempt be made.

To the extent that Michael Wardlow asks that the Order be set aside, the Court declines to grant such relief. A motion for rule to show cause seeks only a "preliminary order directing the alleged contemnor to show cause why the court should not find him in contempt." See United States Securities and Exchange Commission v. Hyatt, 621 F.3d 687, 696 (7th Cir.

2010). "The purpose of such a motion is to persuade the court that there should be a hearing at which the factfinder will ultimately evaluate whether a finding of contempt is appropriate on the evidence presented." Sommerfield v. City of Chicago, 252 F.R.D. 407, 413 (N.D. Ill. 2008). Accordingly, Mr. Wardlow will have an opportunity at the hearing to present evidence tending to show that a contempt finding is not warranted.

The Plaintiffs seek leave to file a Reply to Michael Wardlow's Response, based on what they allege are affidavits relied on by Wardlow which contradict his deposition testimony. They further assert that some allegations in the Response are unsupported and based more on innuendo than fact.

Michael Wardlow opposes the Plaintiffs' request to file a Reply, noting that the Court's local rules do not permit replies. See CDIL-LR 7.1(B)(3). Moreover, Mr. Wardlow claims he would be prejudiced if the Plaintiffs get the final word.

Upon reviewing all of the filings, the Court finds that a reply may assist in the resolution of the issues now before the Court. Because the

non-movant typically has the final word, the Court will also permit Mr. Wardlow to file a sur-reply. Accordingly, the Show Cause Hearing will be continued.

Ergo, the Motion pursuant to Rule 55(c) of Michael Wardlow to Vacate the Default Order for Rule to Show Cause [d/e 97] is DENIED, as provided in this Order.

The Plaintiffs' Motion for Leave to File a Reply to Michael Wardlow's Response to Order for Rule to Show Cause [d/e 99] is ALLOWED. The Plaintiffs' Reply brief is due no later than August 18, 2014.

Any Sur-Reply from Michael Wardlow shall be due seven (7) days after the Reply is filed.

The Show Cause Hearing set for August 19, 2014 at 2:00 p.m., is hereby continued to September 29, 2014 at 2:00 p.m.

ENTER: August 11, 2014

FOR THE COURT:

   s/Richard Mills
Richard Mills
United States District Judge